In the Matter of the Application of FRANK J. MACMASTER, Respondent, for a Mandamus Order against GEORGE U. HARVEY, President of the Borough of Queens, and Another, Appellants.

Second Department, December 18, 1933.

*Willard S. Allen* [*Arthur J. W. Hilly*, Corporation Counsel, *J. Joseph Lilly* and *Thomas W. A. Crowe* with him on the brief], for the appellants.

*Sydney Rosenthal* [*Sydney S. Snyder* with him on the brief], for the respondent.

PER CURIAM. Upon undisputed facts the petitioner, respondent, a veteran of the World war, was, on March 25, 1929, dismissed from the position of " assistant commissioner of public works of the Borough of Queens." He had been appointed on January 1, 1929. His dismissal was summary, and without charges or hearing as provided by section 22 of the Civil Service Law, prohibiting the removal of such a veteran save after a hearing " upon due notice upon stated charges, and with the right to such employee or

appointee to a review by writ of certiorari." Subdivision 2 of section 22 (*supra*) provides that "Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department."

Appellants contend that the office of assistant commissioner of public works is that of a deputy, and that the provisions of section 22 (*supra*) are inapplicable to prevent summary removal. It is not necessary to hold that the petitioner was technically a "deputy," as we are of opinion that under section 383 of the Greater New York Charter the petitioner was removable by the borough president without charges. The charter section referred to provides for the appointment and removal "at pleasure" by the borough president of a commissioner of public works for the borough, and that he may "also appoint and remove an assistant commissioner of public works." The fact that the section does not attach to the appointing and removing of the assistant commissioner of public works the words "at pleasure," does not detract, in our opinion, from the power to appoint and remove such an officer. The section empowers the president of a borough to appoint "a secretary and such assistants, clerks and subordinates as he may deem necessary, if provision he made therefor by the board of estimate and apportionment and the board of aldermen," and that such secretary, assistants, clerks and subordinates "shall hold office at the pleasure of the president, subject to the provisions of the civil service laws." This last-mentioned power of appointment and removal, "subject to the provisions of the civil service laws," applying specifically to the enumerated classes, indicates clearly that there was no intention in the Legislature to restrict the borough president in the selection and retention of his commissioner and assistant commissioner of public works.

In *Matter of Fornara* v. *Schroeder* (261 N. Y. 363) the petitioner, who held the office of superintendent in charge of street cleaning in the borough of Queens, was one of the class of "subordinates" whose removal was, by the charter section (*supra*), "subject to the provisions of the civil service laws."

We are also of opinion that the petitioner in seeking the present remedy was guilty of laches. He was removed on March 25, 1929, and the present proceeding was begun March 9, 1932, practically three years after the removal. We think it would be very unjust to the city, after this lapse of time, to reinstate the petitioner, such reinstatement carrying three years of back pay for which no service was performed and during all of which time another has discharged the duties of the office. The authorities hold a less degree of delay to be fatal to an application for a mandamus order for reinstatement

to a public position. (*People ex rel. Finn* v. *Greene,* 87 App. Div. 346, 350; *Matter of Williams* v. *Pyrke,* 233 id. 345, 346; *People ex rel. Connolly* v. *Board of Education,* 114 id. 1; affd., 187 N. Y. 535.) It may be added that the petitioner presents no excuse whatever to account for his delay in instituting his proceeding for reinstatement.

The peremptory mandamus order should be reversed on the law and the facts, with costs, and the motion denied.

LAZANSKY, P. J., KAPPER, CARSWELL, TOMPKINS and DAVIS, JJ., concur.

Peremptory mandamus order reversed on the law and the facts, with costs, and motion denied.