In the Matter of the Application of ROLAND B. WILLIAMS, Petitioner, for an Order of Mandamus against GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, Respondents.

Supreme Court, Special Term, New York County, September 22, 1936.

*Albert De Roode*, for the petitioner.

*Paul Windels, Corporation Counsel* [*Robert G. Schaffer* of counsel], for the respondents.

PECORA, J.   This application is made by the petitioner for a peremptory order of mandamus directing his formal reinstatement as an assistant engineer, grade 4, in the board of water supply, as of April 1, 1933.   In addition, the petitioner seeks the cancellation of a record in the board of water supply showing him to be absent with leave, without pay, from April 1, 1933, to May 1, 1934, and a change in the said records to indicate that the petitioner was erroneously suspended without pay during the same period.

The uncontroverted facts are that in January, 1933, while petitioner was employed as an assistant engineer in the board of water supply, he was notified that he would be suspended on April 1, 1933, due to a reduction of the force necessitated by lack of work and funds.   The alternative of taking a leave of absence without pay was offered to the petitioner.   He chose the latter and made repeated requests for leaves of absence without pay, from April 1, 1933, to May 1, 1934, all of which were granted.

At the time petitioner was notified of the proposed suspension on April 1, 1933, there were assistant engineers in the employment of the board of water supply junior in service to the petitioner, who were retained in employment during the entire period of the petitioner's leave of absence.   When the petitioner was informed of the proposed suspension the members of the board of water supply were acting under an honest impression that under section 31 of the Civil Service Law suspensions in the inverse order of seniority were to be made in accordance with seniority ratings in each bureau, rather than with those of the entire department.   Had the board acted upon the basis of the departmental seniority ratings, instead of bureau ratings, the petitioner would not have been slated for suspension or given the alternative of taking a leave of absence without pay.   Not until the final appeal in *Matter of Albert* v. *Board of Education* (264 N. Y. 613) was decided on April 27, 1934, was the law definitely settled that suspensions under section 31 of the Civil Service Law were to be made upon the basis of departmental, rather than bureau, seniority classifications.   On May 1, 1934, the petitioner was reinstated to his position.

The petitioner is not entitled to the relief sought.

Under any view of the facts it is clear that when the petitioner took leave of absence without pay in April, 1933, he was making a voluntary choice between alternatives.   Equally clear is it that

the duly constituted authorities were acting under an honest mistake of law in assuming that the petitioner would have to be suspended because of his junior service in his bureau. Had the petitioner not taken a leave of absence without pay and, hence, had been suspended, he could have brought a proceeding in this court to test the validity of such suspension. Upon any such test the same principles, which eventually governed the decision of *Matter of Albert* v. *Board of Education (supra)*, undoubtedly would have been enunciated. The alternative to risking a suspension and instituting a law suit to determine its validity was to take a leave of absence without pay. Certain definite advantages attached to taking such a leave of absence, if a suspension without pay was imminent. Under section 31 of the Civil Service Law, had the petitioner been suspended, his name would have been transmitted to the Civil Service Commission to be carried upon a preferred list for certification back for " the office, or position, in which he has been employed, or for any corresponding or similar office or position in the same group or grade as the position he formerly held." Under said section, failure to accept an office or position to which the Civil Service Commission assigned him would entail a relinquishment of his right to reinstatement. However, taking a leave of absence without pay would still leave his name on the rolls of his own department as eligible for employment without any certification by the Civil Service Commission. (Rules for the Classified Civil Service, rule XVI.) Section 31 would then be inapplicable to him.

Thus the petitioner was not confronted merely with an illusory choice. It may be assumed that he carefully weighed the advantages and disadvantages of the alternatives. That the subsequent decision of the Court of Appeals in the *Albert Case (supra)* demonstrated the error of his judgment is not now a basis for equitable relief. A mistake of law is not sufficient for relief in equity. (*Bowden* v. *Owen*, 103 Misc. 56, at p. 63; affd., 227 N. Y. 612.)

In the absence of considerations of unfair advantage or overreaching conduct, courts will not interfere with a choice once made, even though erroneous. There is no evidence here of fraud or of inequitable, unfair or deceptive conduct, which would remove this case from this general principle of equity.

Furthermore, the suggestions or advice of the authorities of the board of water supply to the petitioner in offering him the aforesaid alternatives, do not constitute any species of duress, by which the will of the petitioner was coerced into making a choice. (3 Williston Cont. § 1608.)

Neither can an estoppel be raised against the respondents because the advice which they gave the petitioner was a mere expression of opinion amounting only to an honest interpretation of the law. It has been held that no officer of a municipality has the power to impose liability upon the city by estoppel. (*N. Y. City Employees Retirement System* v. *Eliot*, 267 N. Y. 193, at p. 203 [1935].)

In regard to the recovery of the salary to which the petitioner would have been entitled from the board between April 1, 1933, and May 1, 1934, there are other obstacles to the petitioner's claim. Primarily, it is apparent from the record here that during the petitioner's leaves of absence, another person did the petitioner's work and has been paid for it by the city. Under such circumstances there cannot be any recovery of back pay. (*Matter of Barmonde* v. *Kaplan*, 266 N. Y. 214.) Furthermore, it appears that the petitioner was employed by another person during that period of time. Although the present statute (Civil Service Law, § 23, as amd. by Laws of 1935, chap. 734) requires a deduction of the amount received in such other employment from the pay to which the petitioner might have been entitled, it would seem that even before the enactment of that statute the law required a deduction for what he had earned in the meantime. The court in *Matter of Barmonde* v. *Kaplan* (*supra*, at p. 216) said: " Whether even then deduction should be made for what he has earned in the meantime we need not now consider."

As to the defense of laches urged by the respondent, the cases cited all involved incidents of actual reinstatements and not merely the formal reinstatement desired herein. The reasons stated in *Matter of MacMaster* v. *Harvey* (239 App. Div. 553; affd., 265 N. Y. 555) are inapplicable here. Mere delay with no resultant injury will not constitute laches. (*Harvey* v. *Guaranty Trust Co.*, 134 Misc. 417, and cases therein cited.)

In *Matter of McDonald* (34 App. Div. 512 [1st Dept.]) BARRETT, J., speaking for the court said: " It is well settled that in determining what will constitute an unreasonable delay, justifying the refusal of the writ of mandamus, ' regard should be had to circumstances which justify the delay; to the nature of the case and the relief demanded, and to the question whether the rights of the defendant or of other persons have been prejudiced by such delay.' (*People ex rel. Gas Light Company* v. *Common Council*, 78 N. Y. 56, 63. See, also, *People ex rel. Millard* v. *Chapin*, 104 id. 102.) "

The motion for a peremptory order of mandamus is denied. Settle order.