■ I. JACK LONDON, Appellant-Respondent, v. RICHARD HAMMEL, Respondent-Appellant.— In an action to set aside a tax sale and the deed given thereon, the parties cross-appeal from separate parts of an order of the Supreme Court, Suffolk County, entered June 28, 1968. Plaintiff's appeal is from so much of the order as denied his motion for summary judgment on the first cause of action and dismissed said cause of action. Defendant's appeal is from so much of the order as denied his cross motion insofar as it was for summary judgment on his counterclaim, with dismissal of plaintiff's second cause of action. Order modified, on the law, by striking out the second decretal paragraph thereof and by substituting a provision dismissing the second cause of action in the complaint and granting summary judgment to defendant on his counterclaim. As so modified, order affirmed, with $10 costs and disbursements to defendant. Plaintiff's first cause of action alleges that section 52 of the Suffolk County Tax Act was not complied with in that, as required by subdivision 1 of section 1014 of the Real Property Tax Law, the redemption price listed in the published notice to redeem did not include the amounts paid by defendant subsequent to the tax sale pursuant to section 75 of the Suffolk County Tax Act (L. 1929, ch. 152). However, it is possible for these amounts to be paid by the tax sale purchaser subsequent to the publication of such notice and prior to the expiration of the redemption period (cf. Real Property Tax Law, § 1014, subd. 1). Also, the amounts paid by defendant represent delinquent taxes on plaintiff's property; and plaintiff received notice on his tax bills that these amounts were outstanding. For the foregoing reasons, we hold that such amounts were not intended to be included in the published notice to redeem (cf. Real Property Tax Law, § 1014, subd. 5). Additionally, the Special Term correctly held that the remaining allegations in plaintiff's first cause of action relate to matters which occurred subsequent to the expiration of the three-year redemption period and that, therefore, such matters had no effect upon the tax sale and subsequent deed. Plaintiff's second cause of action sounds in estoppel and is based upon the fact that at the time of the tax sale and subsequent to the expiration of the three-year redemption period, although prior to the expiration of five years from the date of the tax sale, the officials of Suffolk County harbored the honest though erroneous belief that the redemption period for occupied property in Suffolk County was five years from the date of the tax sale. It is uncontested that prior to the decision in *Norris* v. *Mitrany* (21 A D 2d 827, affd. 15 N Y 2d 842) the officials of Suffolk County affirmatively represented that such redemption period was five years. The mere expression of an erroneous opinion on a matter of law raises no estoppel (*Shapley* v. *Abbott*, 42 N. Y. 443, 448; *Chautauqua County Bank* v. *White*, 6 N. Y. 236, 252; 28 Am. Jur. 2d, Estoppel and Waiver, § 47; 21 N. Y. Jur., Estoppel, § 28). This is also true where the mistaken opinion is given by an agent of a governmental body which is engaged in administering or enforcing the law in question (*New York City Employees' Retirement System* v. *Eliot*, 267 N. Y. 193, 203; *Matter of Williams* v. *Gillespie*, 161 Misc. 156, 159; 1 A.L.R. 2d 344-345). Though estoppel may be applied more readily to a subordinate than to a State government, it will not be applied with the same strictness as to private corporations and individuals, particularly in matters involving or affecting police or taxing powers (*Mat-*

*ter of City of New York,* 127 Misc. 710, 727; *Matter of S. B. Garage Corp.* v. *Murdock,* 185 Misc. 55, 60). " There still remain some areas of governmental action which cannot be questioned for reasons of policy by individual action " (*Rottkamp* v. *Young,* 21 A D 2d 373, 377, affd. 15 N Y 2d 831; cf. *Lockwood* v. *Village of Buchanan,* 18 Misc 2d 862, for a discussion of the extent to which subordinate governments are liable for the misfeasance of their agents). Therefore, we hold that as a matter of law, under the facts alleged in this complaint, there can be no estoppel. Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: Plaintiff owned certain land in Suffolk County since 1946. In 1965 defendant received a tax sale deed from the county covering plaintiff's property. The tax sale on which that deed was based occurred on November 16, 1959, and it was for tax defaults in 1958/1959. In this action to set aside the tax sale deed, plaintiff avers that it was the common, though erroneous, belief in Suffolk County that an owner had five years to redeem from a tax sale; that on June 30, 1962 he received a letter from the Suffolk County Treasurer, informing him about the default in his 1958/1959 taxes, and stating that " A five year redemption period is allowed "; that the statutory notice to redeem from tax sale stated that the property could be redeemed on or before November 16, 1962 by payment of $187.05; that when he tried to redeem for that amount on November 12, 1962 (within three years from the date of the tax sale) he was told that he would have to pay $570.57, plus interest and penalties, representing the amount paid by defendant for taxes and assessments for the three preceding years; that he was also advised, on November 12, 1962, that he did not have to redeem at that time because he could redeem at any time within five years from the date of the tax sale; that he relied on the county's representations concerning the five-year redemption period and did not redeem the property on that date, November 12, 1962; that on November 9, 1964 he tendered the full amount due for redemption and it was conditionally accepted pending final decision in an action testing the validity of the five-year redemption period; and that on April 25, 1965 he was advised by the County Treasurer that his tender of November 9, 1964 was rejected as untimely because the courts had held that the redemption period was only three years. In my opinion, these averments raise a triable fact issue as to whether defendant is estopped to claim the benefit of the three-year period for redemption. Estoppel can be based on a misrepresentation as to the law (*Glus* v. *Brooklyn Eastern Term.,* 359 U. S. 231; *Hoffman* v. *City of Syracuse,* 2 N Y 2d 484). It can be applied against a governmental body (*Hoffman* v. *City of Syracuse, supra*; *Robinson* v. *City of New York,* 24 A D 2d 260). And it can be applied to one in privity with the party primarily estopped (*House* v. *McCormick,* 57 N. Y. 310, 322; *Union Dime Sav. Inst.* v. *Wilmot,* 94 N. Y. 221, 228, and cases cited therein). I also believe that the notice to redeem from tax sale was fatally defective because it stated the amount needed for redemption as $187.05, while the concededly correct amount then needed to redeem was $1,120.90, the difference being taxes paid by defendant subsequent to the tax sale. Section 52 of the Suffolk County Tax Act (pursuant to which this notice was published) provides that the notice shall comply with the Real Property Tax Law. Subdivision 1 of section 1014 of the Real Property Tax Law provides that such notice shall state " the amount necessary to redeem the * * * [property] computed to the last day in which such redemption can be made ", except for certain specified costs of publication which must be paid in addition to the amount stated in the notice. The statute is clear; it should be strictly construed, as it is in derogation of the common law; and any failure of strict compliance with it would seem to invalidate the tax sale. If I am correct on

this last point, it would appear that plaintiff was entitled to summary judgment on his first cause of action and it was error to deny that relief and dismiss that cause. However, in view of the importance of the issue of estoppel raised in this case, I think it preferable to rest my dissent on the ground that there is a triable issue in that respect, so that that question can be fully litigated and determined without the presence of other complicating factors. Hence, I vote to affirm the order of Special Term.