Memorandum. The order of the Appellate Division should be reversed and the case remitted to Supreme Court, Suffolk County, for the entry of judgment in favor of plaintiff-appellant London on his first cause of action.
Section 52 (subd. 1) of the Suffolk County Tax Act (added by L. 1929, ch. 152, and amd. by L. 1958, ch. 960, § 29) requires, before expiration of the period for redemption of land sold at tax sales, publication of a notice of unredeemed real estate, containing, as provided in section 1014 (subd. 1) of the Real Property Tax Law, “ the amount necessary to redeem the same computed to the last day in which such redemption can be made ’ ’. Section 75 of the Suffolk County Tax Act, authorizing a tax sale purchaser to pay taxes on the property not paid by the owner of record, requires that these taxes, plus interest and penalties, be paid by the owner of record at the time of redemption (see, also, Real Property Tax Law, § 1010, subd. 1, par. [a]). The failure of the County Treasurer to include this additional sum in the published notice, when the payment of taxes by the purchaser was already known to him at the time of publication, is a substantial deviation from the mandate of the statute. The statutory provision, for the benefit of the owner, should be strictly construed in his favor, even if he may have eventually received notice of the correct amount by methods other than required by the statute. The tax deed is, therefore, void, and the owner should be permitted to redeem the property. (Cf. Rogers v. Pact Realty Corp., 26 N Y 2d 872; Stebila v. Mitrany, 21 N Y 2d 930; Clason v. Baldwin, 152 N. Y. 204, 209-211.)
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, without costs, and case remitted to Supreme Court, Suffolk County, for further proceedings in accordance with the memorandum herein.