■ H. R. WILSON & ASSOCIATES, Respondent-Appellant, v TOWN OF GENOA, Appellant-Respondent.—Order unanimously modified to grant plaintiff's motion for summary judgment and otherwise order affirmed, with costs to plaintiff. Memorandum: Plaintiff contracted with the defendant to render

professional engineering services in connection with the defendant's development and construction of a water supply system. Plaintiff's fee under the contract was set at 8% of the cost of construction. The contract required plaintiff to approve or disapprove the contractor's requests for payments, and by the time of the completion of the construction, plaintiff had disapproved certain requests for payments amounting to $62,590.23. Plaintiff was of the opinion that the disapproved claims were for performance which was included within the terms of the construction contract and for which the contractor had already been paid. The contractor brought an action against the defendant and obtained a judgment upon a finding that the disapproved claims related to work performed beyond that required in the basic construction contract. Plaintiff then commenced this action to recover additional fees based upon the cost of construction as established in the lawsuit between the contractor and the defendant. In resisting plaintiff's motion for summary judgment, the defendant erroneously contends that the judgment obtained against it by the contractor is inadmissible. The prior action was tried by the court without a jury and defendant makes no claim that it was denied a full and fair opportunity to litigate the action or that the issue as to the amount of the cost of construction is not identical to the issue presented here. In accordance with the prior adjudication, therefore, we find that the cost of construction was increased by $62,590.23 (see *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 71). The defendant's further argument that plaintiff is estopped by its own determination of the cost of construction is equally without merit. Plaintiff's evaluation of the cost of construction simply represented an erroneous opinion which may not be viewed as the basis of an estoppel (*McAleenan v Massachusetts Bonding & Ins. Co.*, 232 NY 199, 206; *London v Hammel*, 32 AD2d 639, revd on other grounds 27 NY2d 630; 21 NY Jur, Estoppel, § 28). Accordingly, plaintiff is awarded summary judgment on its cause of action. Finally, in the absence of any indication that plaintiff violated the terms of its agreement with the defendant or that it was guilty of malpractice, plaintiff is entitled to summary judgment dismissing the counterclaim (see CPLR 3212, subd [b]). (Appeals from order of Cayuga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Witmer, JJ.