■ CHEMICAL BANK, Respondent, v CITY OF JAMESTOWN et al., Appellants.—Order unanimously reversed, on the law, without costs, defendant's motion granted, and complaint dismissed. Memorandum: Special Term erred in denying defendant's motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7); (c). This action was commenced by plaintiff, seeking judgment against defendants City of Jamestown (City) and Jamestown Urban Renewal Agency (JURA) on the theory that defendants should be estopped from denying liability to it for an $800,000 loan extended to Johnson, Inc., a development corporation wholly owned and operated by Paul Johnson, because plaintiff was induced to extend the loan as a result of representations and promises made by defendants. Johnson had sought the interim loan from Chemical Bank as "bridge financing", offering the proceeds of an Urban Development Action Grant (UDAG Grant) as security. The funding for the UDAG Grant, for which the City had applied, had been approved, and JURA, the agency designated to implement the provisions of the grant, had earmarked $800,000 of the funds for Johnson, Inc. to be used as a second mortgage in financing construction of a pedestrian "skywalk" in downtown Jamestown. Pursuant to the UDAG agreement, however, Johnson was required to comply with a number of conditions in order to be eligible to receive the grant funds.

In support of what is characterized as a cause of action for estoppel, plaintiff relies upon correspondence from JURA's counsel and executive secretary which not only expresses the opinion that Johnson was in substantial compliance with the requirements of the UDAG Grant contract but also may fairly be said to indicate that a closing of the loan by JURA to Johnson was anticipated. The correspondence makes it clear,

however, that a closing would not take place until "execution of the final documents" by Johnson, JURA and/or the City, "the issuance of a building permit and submission to HUD of the required documents".

Johnson did not receive the $800,000 UDAG Grant because, having failed to meet some of the UDAG requirements, the final documents were never executed and submitted to HUD. This action was commenced after both Paul Johnson, Inc. and Johnson individually defaulted on the "bridge" loan and their liability to plaintiff was discharged in bankruptcy.

Plaintiff's complaint fails to allege a cognizable cause of action on any theory of estoppel. "[A]n estoppel does not originate a legal right; it merely forbids the denial of a right claimed otherwise to have arisen" *(Morrill Realty Corp. v Rayon Holding Corp.,* 254 NY 268, 275; *see also, Holm v C.M.P. Sheet Metal,* 89 AD2d 229). Promissory estoppel is made out by "a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance" *(Ripple's of Clearview v Le Havre Assoc.,* 88 AD2d 120, 122, *lv denied* 57 NY2d 609). The representations made by defendants do not constitute a clear and unambiguous promise to plaintiff either that Johnson would receive the UDAG Grant funding or that defendants would reimburse plaintiff should Johnson default on plaintiff's loan. Indeed, since it was made clear to plaintiff that there were conditions yet to be met before the UDAG Grant loan to Johnson would be finalized, promissory estoppel is inapplicable *(see Reprosystem, B.V. v SCM Corp.,* 727 F2d 257 [2d Cir], *cert denied* 469 US 828; *Chromalloy Am. Corp. v Universal Hous. Sys.,* 495 F Supp 544 [SDNY 1980], *affd* 697 F2d 289). Moreover, whether Johnson ultimately would satisfy the requirements for a UDAG Grant was not within defendants' power to ensure, as plaintiff well knew. What plaintiff sought and received, then, were mere expressions of opinion which cannot form the basis for an estoppel *(McAleenan v Massachusetts Bonding & Ins. Co.,* 232 NY 199, 206; *London v Hammel,* 32 AD2d 639, *revd on other grounds* 27 NY2d 630). (Appeal from order of Supreme Court, Chautauqua County, Cass, J.— summary judgment.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.