**DEAN WITTER REYNOLDS, INC., Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY and National Fire Insurance Company of Hartford, Defendants.**

**No. 91 Civil 7118 (DAB).**

United States District Court, S.D. New York.

Sept. 8, 1995.

Catherine A. Ludden, Morgan, Lewis & Bockius, New York City, for plaintiff.

John B. Grant, Jr., Camhy Karlinsky & Stein, New York City, for defendants.

*MEMORANDUM OPINION*

BATTS, District Judge.

Following a ten day trial and over four hours of deliberation, the jury returned a verdict for Plaintiff Dean Witter Reynolds, Inc. ("Plaintiff"), finding that Defendants Continental Casualty Company and National Fire Insurance Company of Hartford (together "CNA") were liable to Plaintiff on the theory of promissory estoppel in the amount of $7.8 million. CNA now moves this Court for a judgment n.o.v. or, in the alternative, for a new trial, solely on the basis that there was insufficient evidence to support the jury's verdict. For the following reasons, the motions are denied [1].

To set aside a jury verdict, the movant must show that

(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him. *Mattivi v. South African Marine Corp., "Huguenot"*, 618 F.2d 163, 168 (2d Cir.1980); *see also, Vasbinder v. Ambach*, 926 F.2d 1333, 1340 (2d Cir.1991).

Fact issues are within the province of the jury and the Court "must give deference to all credibility determinations made by the jury and to all reasonable inferences from the evidence that the jury might have drawn in favor of the nonmoving party." *Id.* at 1339.

The doctrine of promissory estoppel has three principal requirements: "a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance." *Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co., Inc.*, 804 F.2d 787, 793 (2d Cir.1986).[2] At trial, Plaintiff presented ample evidence to support the jury's finding as to each of these elements.

The evidence produced by Plaintiff was sufficient to enable a jury to conclude that a CNA made a clear and unambiguous promise to purchase the bonds. On July 16, 1987,

---

1. CNA made an identical motion pursuant to Fed.R.Civ.P. 50 at the close of the Plaintiff's evidence which was considered and denied. (Tr. at 756–760).

2. The jury was charged as to each of these elements. (Tr. at 1391).

CNA processed an order ticket for the purchase of the bonds containing the same information as the Plaintiff's order ticket. CNA also instructed its clearing bank to receive delivery of the bonds and had information about the trade compared through the Depository Trust Company. Further, CNA carried the bonds on its official records, listing them as securities it owned as of December 31, 1987. These facts provide strong circumstantial evidence that, during its conversations with Plaintiff, CNA made an unambiguous promise to buy the bonds.

CNA argues that Rich Faillace's testimony that Frank Trumbour stated that "Mr. Gammon would give you an order for the bonds providing that all the documentation that was agreed upon is presented and correct," shows ambiguity in CNA's promise and warrants setting aside the jury's verdict. The jury, however, was not restricted to this aspect of the testimony as the linchpin of its determinations. The jury was presented with this evidence, instructed on the requirement of an unambiguous promise, and rendered its verdict accordingly. Although CNA cites several cases in which courts have found that a conditional promise negates a finding of promissory estoppel, those cases are distinguishable. *See Pan Am Corp. v. Delta Air Lines, Inc.,* 175 B.R. 438, 510 (S.D.N.Y.1994) (promise expressly conditioned, in a written document, on future events); *In re Gulf Oil/Cities Service Tender Offer Lit.,* 725 F.Supp. 712, 735 (S.D.N.Y.1989) (written document warned that there were no assurances that merger would go through); *Chemical Bank v. Jamestown,* 122 A.D.2d 530, 504 N.Y.S.2d 908, 910 (4th Dep't), *appeal denied,* 68 N.Y.2d 608, 508 N.Y.S.2d 1025, 500 N.E.2d 874 (1986) (promise conditioned on receipt of grant from third party). The question of conditionality of the promise was properly before the jury, which concluded that all of the evidence established that CNA's promise was clear and unconditional. *See Cincinnati Fluid Power, Inc. v. Rexnord, Inc.,* 773 F.2d 92, 96–97 (6th Cir.1985), *rev'd on other grounds,* 797 F.2d 1386 (6th Cir.1986) (nature and terms of defendant's promise were questions for the jury).

Not only was there substantial documentary evidence tending to show that CNA had made a firm commitment to buy the bonds, Plaintiff's witnesses testified that there were no open fact issues regarding the bond purchase. *See, e.g.,* Tr. 96–97 (Glynn was never told that CNA's order was conditioned on some other event); Tr. 426–27 (Rosenberg understood that there were no open issues at the time of the closing). These facts, coupled with the documentary evidence, and the customization of the bonds for CNA, make it clear that the jury's verdict was not based on sheer conjecture.

Nor was it sheer conjecture for the jury to conclude that Plaintiff reasonably relied on CNA's clear promise to buy the bonds. There was enough evidence for the jury to surmise that CNA, as a sophisticated investor, knew that its promise to buy the bonds would result in Plaintiff's acquiring them in order to fulfill its part of the bargain. Contrary to CNA's assertion, Plaintiff suffered a $7 million out-of-pocket loss. Moreover, in reliance on CNA's promise, Plaintiff spent $7 million to acquire the bonds, it would be unconscionable to now deny the promise.

The jury's verdict was supported by the evidence presented at trial and will not be set aside. Additionally, as the jury did not reach a seriously erroneous result, there is no need for a new trial. *See Hynes v. LaBoy,* 887 F.Supp. 618, 623 (S.D.N.Y.1995); *Bevevino v. Saydjari,* 574 F.2d 676, 684 (2d Cir.1978) (stating the standard for determining a motion for a new trial). Since the verdict was not contrary to the weight of the evidence, this Court declines to grant a new trial.

For all of the above reasons, CNA's motions are denied in their entirety.

SO ORDERED.