101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
DEAN WITTER REYNOLDS INC., Plaintiff-Appellee,
v.
CONTINENTAL CASUALTY COMPANY; National Fire Insurance
Company of Hartford, Defendants-Appellants.
 No. 95-9032.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT:John B. Grant, Jr., Camhy Karlinsky & Stein LLP, New York, New York.
 APPEARING FOR APPELLEE:Catherine A. Ludden, Morgan Lewis & Bockius LLP, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before VAN GRAAFEILAND, MAHONEY, WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Defendants-appellants Continental Casualty Company and National Fire Insurance Company of Hartford (collectively "CNA") appeal from a judgment entered March 24, 1995 in the United States District Court for the Southern District of New York on a jury verdict in favor of plaintiff-appellee Dean Witter Reynolds, Inc. ("Dean Witter") on its claim of promissory estoppel against CNA, and from an order entered September 18, 1995 in that court that denied CNA's motions for judgment as a matter of law or a new trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. CNA argues that the evidence at trial was insufficient to support the jury's findings that (1) CNA had issued a clear and unambiguous promise to purchase bonds from Dean Witter, and (2) Dean Witter reasonably relied upon the promise. CNA also argues that Dean Witter had to establish an unconscionable injury and that there was insufficient evidence of unconscionability.
 
 
 4
 2. We affirm substantially for the reasons stated in the opinion of the district court denying CNA's posttrial motions. See Dean Witter Reynolds, Inc. v. Continental Casualty Co., 897 F.Supp. 142 (S.D.N.Y.1995). We add only, in response to CNA's contention that the jury verdicts concerning breach of contract and promissory estoppel are inconsistent, that assuming such inconsistency, it "would provide no basis for reversal." Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1346 n. 4 (2d Cir.1994) (citing United States Football League v. National Football League, 842 F.2d 1335, 1353 n. 17 (2d Cir.1988); Globus v. Law Research Serv., Inc., 418 F.2d 1276, 1290 n. 17 (2d Cir.1969), cert. denied, 397 U.S. 913 (1970)).