■ PHALANX CORPORATION, Appellant, v. PHILITE RADIANT, INC., Respondent.— Order, entered on February 19, 1963, denying plaintiff's motion to strike defendant's jury demand and to transfer the action to the Nonjury Calendar, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the motion granted. There is no claim that the execution of the 'agreement of guarantee containing the waiver of a trial by jury was fraudulently induced. The only claim made is that the plaintiff, subsequent to execution, inserted a date therein with the fraudulent purpose of binding defendant to a guarantee broader than intended at the time of execution. Assuming such insertion to be the equivalent of an alteration, the rule that a subsequent alteration fraudulently made discharges the obligation of the other party is not here applicable. To invoke that rule it is essential that the alteration be a material one. (See *Gleason* v. *Hamilton,* 138 N. Y. 353; Restatement, Contracts, §§ 434, 435; 6 Williston, Contracts [rev. ed.], § 1901; 6 Corbin, Contracts, § 1317.) In this case the " alteration" was not a material one. A fair reading of the agreement of guarantee reveals that the defendant's liability thereunder extended not only to obligations incurred by the principal debtor subsequent to the date of execution but prior thereto as well. This being so the subsequent insertion of the date — assuming it were so inserted — would not increase the liability of defendant and it would be immaterial. As a result the defendant's obligations under the agreement are not affected and the waiver of a jury trial contained therein should be enforced. Concur — Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ.