■ LESTER SHAFRAN, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [651 NYS2d 140] —In an action for a judgment declaring the plaintiff's rights to certain pension benefits pursuant to an agreement with the defendant City of New York, or for reformation of that agree-

ment, the plaintiff appeals (1) as limited by his brief, from an order of the Supreme Court, Queens County (Lonschein, J.), dated July 14, 1995, which granted that branch of the defendants' motion which was to dismiss the first cause of action, and (2) from an order of the same court dated March 1, 1996, which denied the plaintiff's motion for leave to reargue and granted the defendants' cross motion to dismiss the second cause of action.

Ordered that the appeal from so much of the order dated March 1, 1996, as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument, and it is further,

Ordered that the order dated March 1, 1996, is affirmed insofar as appealed from and reviewed, and it is further

Ordered that order dated July 14, 1995, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment declaring that no right to Plan B pension benefits was granted or reinstated to the plaintiff by his agreement with the City of New York dated March 18, 1988, and it is further,

Ordered that the defendants are awarded one bill of costs.

We find no ambiguity in the March 1988 agreement which was prepared and executed by sophisticated parties (*see, Quantum Chem. Corp. v Reliance Group,* 180 AD2d 548). The intention of the parties may be gathered from the four corners of the instrument (*see, Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460), and we find no support for the plaintiff's contention that the agreement here was intended to restore to him pension rights previously denied or unequivocally terminated. Inasmuch as the complaint sought a declaration of the rights of the parties, we have remitted the matter for entry of a judgment declaring that no right to Plan B pension benefits was reinstated or granted to the plaintiff under the agreement (*see, e.g., Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901; *Commack Roller Rink v Commack Arena Mktg.,* 154 AD2d 327, 330).

As to the second cause of action for reformation of the March 18, 1988, agreement, the Supreme Court properly determined that the complaint did not sufficiently plead the details surrounding the alleged fraud or mistake so as to support such a claim (*see,* CPLR 3016 [b]; 16 NY Jur 2d, Cancellations and Reformation of Instruments, § 58). The plaintiff neither alleged nor established deliberate, knowing, and meaningful negotiations concerning the granting or the restoration of pension

rights to him, and therefore failed to meet the high level of proof necessary for an order granting him leave to replead (*see, Chimart Assocs. v Paul,* 66 NY2d 570, 574; *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219; *Nash v Kornblum,* 12 NY2d 42). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.