■ DAVID CHOI et al., Appellants, v KOREA FIRST BANK OF NEW YORK, Respondent. [664 NYS2d 437] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 21, 1996, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The documentary evidence establishes that the second, so-called Disputed Note was the obligation of Manhattan, not Kornew, which defendant could properly enforce by foreclosing on the Manhattan mortgage containing a "dragnet clause" making it applicable to future advances (*State Bank v Fioravanti*, 51 NY2d 638, 645). Under these circumstances, even assuming that defendant altered the second mortgage to include a clause subordinating it to the first mortgage, such alteration did not increase plaintiffs' liability and was therefore immaterial (*see, Phalanx Corp. v Philite Radiant*, 19 AD2d 515; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 212-213). Nor do plaintiffs' allegations show that defendant's alleged deceptive acts and practices were of a recurring nature and harmful to the public at large, necessary to their claim under General Business Law § 349 (*see, United Knitwear Co. v North Sea Ins. Co.*, 203 AD2d 358). We have considered plaintiffs' other arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.