■ LAUREL RIDGE, L. L. C., Appellant, v A. ALFREDO NURSER-IES, INC., et al., Respondents, et al., Defendants. [730 NYS2d 447] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered May 4, 2000, which, upon an order of the same court entered January 14, 2000, granting those branches of the motion of the individual defendants which were for summary judgment on their counterclaim and to dismiss the complaint insofar as asserted against them, *inter alia,* dismissed the complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with costs.

The defendant A. Alfredo Nurseries, Inc. (hereinafter ANI), entered into a written agreement to sell a parcel of real property to Halpern Enterprises, Inc. (hereinafter Halpern), the plaintiff's predecessor in interest. The individual defendants were all shareholders of ANI. Halpern subsequently assigned its rights and obligations under the agreement to the plaintiff. The plaintiff commenced this action against, among others, the individual defendants, alleging, *inter alia,* fraud.

In order to establish a prima facie case of fraud, the plaintiff must establish (1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations (*see, Giurdanella v Giurdanella,* 226 AD2d 342). Here, the individual defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiff did not justifiably rely on any misrepresentations. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.