OPINION OF THE COURT
Leonard B. Austin, J.
Defendants the Medical Escrow Society, Inc., Mutual Benefit Corporation and Anthony M. Livoti, Jr., move for an order dismissing the complaint pursuant to CPLR 3211 (a) (1), (2), (5), (7); 3016 (b) and Insurance Law § 3203 (a) (3). By cross motion, plaintiff Reliastar Insurance Company of New York *386 (Reliastar) seeks an order, inter alia, “estopping” the defendants from relying on Insurance Law § 3203 (a) (3), and for additional, stated relief.
In or about August 2000, Reliastar commenced this action alleging, inter alia, that defendant Guy Leopold (Leopold) made false and fraudulent statements in applying for a $90,000 life insurance policy which Reliastar issued to Leopold in August 1996. (Plaintiffs cross motion, exhibit E, complaint 7-8.)
According to Reliastar, Leopold falsely represented in his application that he “had [no] medical or health ailments” and was not undergoing treatment “for any ailments including AIDS or AIDS related Complex * * * ” (complaint ífí] 10-11), when, in fact, he was “suffering from and being treated for a fatal disease” (complaint 12, 17, 21-23).
Plaintiff further alleges in the verified complaint that the moving codefendants — the Medical Escrow Society, Inc., Mutual Benefit Corporation, and Anthony M- Livoti, Jr. — were aware of the false representations and participated in an alleged conspiracy to falsely procure the subject policy (complaint 1Í1Í H-20).
Moreover, and according to plaintiff, the fraud was not “complete” upon the submission of Leopold’s false and fraudulent application (complaint 15), but rather, was later furthered through the perpetration of an additional and ongoing conspiracy among the defendants to conceal the fraud until after the policy’s two-year incontestable period expired (complaint ffi] 15-17; Insurance Law § 3203 [a] [3]).
Upon the instant motion, defendants move to dismiss the complaint, arguing, that Reliastar’s causes of action merely restate and reallege the same underlying theories of fraud— which, they assert — are barred as a matter of law by the expiration of the two-year incontestible period.
For the reasons herein set forth, defendants’ motion to dismiss is granted and Reliastar’s cross motion is denied.
Preliminarily, the court agrees that Reliastar’s claims of fraud relating to the alleged conspiracy committed by the moving defendants are wholly conclusory and are unsupported by factual allegations sufficient to satisfy the requirements of CPLR 3016 (b). (See, Jaro Constr. Corp. v Weiner, 209 AD2d 585 [2d Dept 1994]; Scomello v Caronia, 232 AD2d 625 [2d Dept 1996]; see also, Williams v Upjohn Health Care Servs., 119 AD2d 817 [2d Dept 1986].)
It is undisputed that the policy contained the statutorily required, incontestability clause. (Insurance Law § 3203 [a] *387 [3].) Reliastar’s present action to rescind and/or void the policy was instituted well after the elapse of the two-year incontestability period. Significantly, incontestability clauses limit “the period of time that the carrier has to investigate the veracity of the policyholder’s statements, after which it may not contest the policy except on certain stated grounds, usually nonpayment of premiums.” (New England Mut. Ins. Co. v Doe, 93 NY2d 122, 128 [1999]; Springer v Allstate Life Ins. Co. of N.Y., 94 NY2d 645, 650 [2000]; see also, 69 NY Jur 2d, Insurance § 1383, at 602; 17 Russ and Segalla, Couch on Insurance 3d §§ 240:1, 240:3; 1A Appleman, Insurance Law and Practice § 332, at 385; Simpson v Phoenix Mut. Life Ins. Co., 24 NY2d 262, 267-268 [1969]; Equitable Life Assur. Socy. v Madis, 240 AD2d 100, 102 [1st Dept 1998].) It is well settled that once the incontestable period has elapsed, allegations that an insured procured the policy through fraud will not support a claim to void or rescind the policy. (New England Mut. Ins. Co. v Doe, supra at 131; see also, 69 NY Jur 2d, Insurance §§ 1393, 1395, at 619-620.)
While the instant matter apparently involves the relatively new concept of “viatical settlements” (Insurance Law § 7801 et seq.; see generally, M. Albert, Selling Death Short: The Regulatory and Policy Implications of Viatical Settlements, 61 Alb L Rev 1013 [1998]), and includes claims that the additional defendants were aware of Leopold’s misstatements, the considerations relevant to the enforcement of incontestability clauses are no less applicable. This is consistent with the holding in sister states. (See, Protective Life Ins. Co. v Sullivan, 425 Mass 615, 682 NE2d 624 [1997]; Amex Life Assur. Co. v Superior Ct, 14 Cal 4th 1231, 930 P2d 1264 [1997].)
More particularly, and irrespective of Reliastar’s allegations that the moving defendants were complicit in Leopold’s misstatement, there is nothing in the papers submitted suggesting that Reliastar was, as a consequence, precluded from inquiring into or fully investigating, the veracity of Leopold’s statements during the two-year incontestability period. (Protective Life Ins. Co. v Sullivan, supra, 425 Mass at 632, 682 NE2d at 635; Simpson v Phoenix Mut. Life Ins. Co., supra at 267-268.) While Reliastar has recast and repleaded its claim in various permutations, the first through fourth causes of action and the sixth cause of action alleging common-law fraud are still grounded upon the theory that Leopold’s fraudulent statements justify rescission, “tolling” and/or the voiding of the policy, such claims are now foreclosed by the elapse of the policy’s *388 two-year incontestability period. (See, Bankers Sec. Life Ins. Socy. v Kane, 885 F2d 820, 822 [11th Cir 1989] [insurer’s separate tort action for fraud dismissed as improper attempt to circumvent incontestability clause]; accord, 1A Appleman, Insurance Law and Practice § 332, at 385.)
Moreover, assuming that a separate and properly pleaded “common-law” fraud claim for money damages could be maintained in light of the foregoing incontestability clause, Reliastar’s sixth cause of action also fails to adequately set forth the requisite allegations of injury. (See, e.g., Held v Kaufman, 91 NY2d 425, 431 [1998]; 60A NY Jur 2d, Fraud and Deceit §§ 11, 164, 167-170; see also, Laurel Ridge v Alfredo Nurseries, 286 AD2d 710 [2d Dept 2001].)
Here, the complaint contains only vaguely framed allegations that defendants’ actions “have caused or will cause” damage (complaint 40). Indeed, there is no dispute that codefendant Leopold is still alive; that Reliastar has been receiving premiums since the policy was issued; and that no benefits have, to date, been paid in connection with the policy. The assertions made by Reliastar pertaining to the issue of damages (plaintiffs memo of law at 40) are insufficient to establish the existence of injury so as to sustain the plaintiffs common-law fraud claim.
Lastly, that branch of the motion which is to dismiss the fifth cause of action predicated upon the Racketeer Influenced and Corrupt Organizations Act ([RICO] 18 USC § 1962) must also be granted.
In order to.establish a RICO violation, it must be demonstrated that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in an enterprise, the activities of which affected interstate or foreign commerce. (De Falco v Bernas, 244 F3d 286, 305-306 [2d Cir 2001]; see also, Manhattan Telecom. Corp. v DialAmerica Mktg., 156 F Supp 2d 376 [SD NY 2001].) It has been observed that courts “must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case * * * ” (Nasik Breeding & Research Farm v Merck & Co., 165 F Supp 2d 514, 537 [SD NY-2001]; Goldfine v Sichenzia, 118 F Supp 2d 392 [SD NY 2000]).
Even accorded the most liberal construction (Leon v Martinez, 84 NY2d 83, 86-87 [1994]), the complaint’s conclusory allegations of fraud and unexplained assertions of entitlement to “monetary damage to be calculated” at some later date *389 (complaint 36), fail to state any claim sounding in alleged violation of the RICO statute. (See, Manhattan Telecom. Corp. v DialAmerica Mktg., supra at 380.) Accordingly, it is ordered that the motion of defendants the Medical Escrow Society, Mutual Benefits Corporation and Anthony M. Livoti, Jr. to dismiss the complaint is granted; and it is further ordered that plaintiffs cross motion to estop defendants from relying on Insurance Law § 3203 (a) (3) is denied.