■ Arthur Canario et al., Appellants, v Robert Gunn et al., Defendants, and Prudential Long Island Realty et al., Respondents. [751 NYS2d 310] —In an action to recover damages for fraud and violation of General Business Law §§ 349 and 350, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated September 28, 2001, as granted those

branches of the motion of the defendants Prudential Long Island Realty and Jean Simpson which were for summary judgment dismissing the first and second causes of action alleging violations of General Business Law §§ 349 and 350 insofar as asserted against them, and denied their cross motion for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondents, acting as real estate agents for the seller of waterfront property improved with a home and in-ground pool in Hampton Bays, New York, advertised that the property was 1.5 acres in size, when the property was actually only .78 of an acre in size. At issue here is whether this misrepresentation constitutes a violation of General Business Law §§ 349 and 350.

General Business Law article 22-A, of which General Business Law §§ 349 and 350 are a part, is addressed to practices which "have a broader impact on consumers at large. Private contract disputes, unique to the parties * * * would not fall within the ambit of the statute" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25). To constitute a violation of General Business Law § 349, the alleged conduct must satisfy a threshold requirement "that is consumer oriented. The conduct need not be repetitive or recurring but defendant's acts or practices must have a broad impact on consumers at large" (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 320). Private transactions without ramifications for the public at large are not the proper subject of a claim under General Business Law § 350 (*see Bologna v Allstate Ins. Co.,* 138 F Supp 2d 310, 324).

In the instant case, the misrepresentation had the potential to affect only a single real estate transaction involving a single unique piece of property. As the Supreme Court noted, "[t]he only parties truly affected by the alleged misrepresentation in this case are the plaintiffs and the defendants." There was no impact on consumers or the public at large (*see Choi v Korea First Bank of N.Y.,* 244 AD2d 236, 237).

In any event, the plaintiffs did not suffer any actual injury. In order to state a cause of action pursuant to General Business Law §§ 349 and 350, the plaintiffs were required to plead and prove that the deceptive act caused actual injury (*see Hazelhurst v Brita Prods. Co.,* 295 AD2d 240, 242; *Frank v DaimlerChrysler Corp.,* 292 AD2d 118, 121). Although the plaintiffs claim that their downpayment of $97,500 is an appropriate measure of damages, they retain the property, which

is undisputedly worth many times that amount. The plaintiffs did not ask for rescission of the contract of sale (*see Bartner v Carter,* 405 A2d 194, 203-204 [Me]). Thus, their claim of actual harm is without merit on its face (*see Zeeman v Black,* 156 Ga App 82, 273 SE2d 910).

In view of the foregoing, the first and second causes of action alleging a violation of General Business Law §§ 349 and 350 were properly dismissed. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.