■ PATRICIA HASSETT, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [753 NYS2d 788] —Appeal from an order of Supreme Court, Onondaga County (Major, J.), entered November 28, 2001, which, inter alia, granted that part of defendant's motion seeking dismissal of the third and fourth causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff's home was allegedly damaged by ice and snow in January 1999, and plaintiff thereafter commenced this action against defendant insurer alleging breach of contract in the first two causes of action, breach of implied duty of good faith and fair dealing in the third cause of action and violation of General Business Law § 349 in the fourth cause of action. Defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), based upon plaintiff's alleged breach of the insurance policy. In the alternative, defendant sought dismissal of the third and fourth causes of action for

failure to state a cause of action (*see* 3211 [a] [7]). Plaintiff opposed defendant's motion and cross-moved to amend the amended complaint by, inter alia, adding causes of action related to a claim submitted to defendant in 1996.

Supreme Court gave notice to the parties pursuant to CPLR 3211 (c) that it would treat defendant's motion as one for summary judgment, and allowed the parties to submit any further documentation. The court thereafter determined that defendant was not entitled to dismissal of the amended complaint based on plaintiff's alleged breach of the insurance policy because plaintiff raised triable issues of fact whether she had cooperated with defendant pursuant to the terms of the policy. The court, however, granted that part of defendant's motion seeking dismissal of the third and fourth causes of action, determining that plaintiff failed to state proper claims for relief. The court denied plaintiff's cross motion.

The contention of plaintiff that the court erred in treating defendant's motion as one for summary judgment because it did not give adequate notice thereof is raised for the first time on appeal and therefore is not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Plaintiff further contends that the court erred in dismissing her third and fourth causes of action. That contention is without merit. The court properly determined that the third cause of action was essentially duplicative of the breach of contract causes of action (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-316) and that the punitive damages sought therein are not recoverable based on the underlying alleged conduct (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613-614). The court also properly determined that General Business Law § 349 is not applicable to this private contract dispute unique to the parties herein (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25). In addition, the court further properly determined that the proposed causes of action concerning the 1996 claim were time-barred and thus properly refused to allow plaintiff to amend the amended complaint to assert causes of action concerning that claim (*see* Insurance Law § 3101; *see also 1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.*, 63 NY2d 227, 230-231).

We have reviewed plaintiff's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.