*31 OPINION OF THE COURT
Leonard B. Austin, J.
Introduction
Defendants LexisNexis, Reed Elsevier PLC Group and James Haggerty move for an order (a) pursuant to CPLR 3211 (a) (4), (5) and (7) dismissing the plaintiffs’ complaint, and (b) dismissing all claims against codefendant James Haggerty based on the failure to properly effectuate service of process pursuant to CPLR 3211 (a) (8) and 308 (1); alternatively, consolidating the above-captioned matter with a related action pending before this court entitled Reed Elsevier, Inc., doing business as Lexis-Nexis v Sutton Assoc.
Background
The plaintiff, Sutton Associates, Inc. (Sutton), commenced the within action alleging that the defendants LexisNexis and James Haggerty (Haggerty) made false statements with respect to the subscription rates it charged Sutton for access to certain computer-assisted research services.
Sutton’s fraud theory is predicated on allegations that Lexis-Nexis representatives, including Haggerty, falsely and fraudulently represented to Sutton that the subscription rates it intended to charge Sutton were the “best rates Lexis could offer” (amended complaint 15); that these rates were similar to those paid by similarly situated businesses; and that none of these similar businesses “were receiving a lower rate” (amended complaint fflj 26-38).
According to Sutton, Haggerty’s representations — on which Sutton claims to have relied — were “false and fraudulent when made” (amended complaint 29-30) since Sutton later allegedly discovered that comparable businesses were paying significantly less for similar services (amended complaint 32).
Moreover, Sutton contends that all the LexisNexis subscription agreements contained confidentiality provisions which “prevented Sutton from disclosing the terms of the agreement to third persons” (amended complaint 34), and that it was constrained to pass on LexisNexis’ “exorbitant fees” to its customers (amended complaint 49).
After terminating its relationship with LexisNexis, Sutton commenced the within action against LexisNexis and Haggerty, alleging causes of action for breach of contract, fraud, violation of General Business Law § 349 and declaratory relief. The amended complaint seeks relief on the same theories.
Shortly thereafter, LexisNexis commenced a related action in this court to recover $168,054.09 from Sutton based upon *32 Sutton’s alleged failure to make payments due and owing under the subscription agreements (defendant’s exhibit 3).
Discussion
A. General Business Law § 349
Accepting as true the facts alleged in the plaintiffs amended complaint, and affording them the benefit of every possible favorable inference (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; see also, 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the court concludes that the cause of action founded upon violation of General Business Law § 349 must be dismissed.
“General Business Law article 22-A, of which General Business Law §§ 349 and 350 are a part, is addressed to practices which ‘have a broader impact on consumers at large. Private contract disputes, unique to the parties * * * would not fall within the ambit of the statute’.” (Canario v Gunn, 300 AD2d 332, 333 [2d Dept 2002], quoting Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]; Fekete v GA Ins. Co. of,N.Y., 279 AD2d 300 [1st Dept 2001].)
The purported misconduct attributed to LexisNexis arises out of alleged misstatements with respect to prices and pricing schedules offered to a single commercial entity. These alleged wrongs do not establish that LexisNexis “engaged in acts or practices which were deceptive or misleading and which had an impact on consumers at large.” (Drepaul v Allstate Ins. Co., 299 AD2d 391, 393 [2d Dept 2002]; Korn v First UNUM Life Ins. Co., 277 AD2d 355, 356 [2d Dept 2000].) Rather, Sutton’s claims concern a private commercial dispute involving the two businesses involved in the transaction negating the applicability of General Business Law § 349. (See, e.g., Hassett v New York Cent. Mut. Fire Ins. Co., 302 AD2d 886 [4th Dept 2003]; Security Mut. Life Ins. Co. of N.Y. v DiPasquale, 283 AD2d 182 [1st Dept 2001]; Canario v Gunn, supra; Drepaul v Allstate Ins. Co., supra; Sheth v New York Life Ins. Co., 273 AD2d 72, 73-74 [1st Dept 2000].)
Thus, plaintiffs cause of action based upon General Business Law § 349 must be dismissed.
B. Fraud
The “elements of common-law fraud are a representation of a material fact, falsity, scienter, reliance, and injury.” (Kline v Taukpoint Realty Corp., 302 AD2d 433 [2d Dept 2003]; see *33 also, Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2d Dept 2001]; Cohen v Houseconnect Realty Corp., 289 AD2d 277 [2d Dept 2001].) The reliance alleged must be justified and reasonable. (802 F Realty Corp. v American Intl. Specialty Lines Ins. Co., 295 AD2d 398 [2d Dept 2002]; Laurel Ridge v Alfredo Nurseries, 286 AD2d 710 [2d Dept 2001]; see also, 60A NY Jur 2d, Fraud and Deceit § 138.)
The material averments at issue effectively allege that, over a period of years, Sutton — an entity specializing in private investigation — purportedly relied on statements made by LexisNexis personnel that the rates offered were the “lowest” then available and that comparable rates were being paid by similarly situated businesses.
Assuming that these cryptic statements could be considered material in a commercial setting, the court agrees that, at best, they constitute nonactionable, “puffery” and/or commendatory sales representations on which a sophisticated commercial entity could not reasonably rely. (See, e.g., Bader v Siegel, 238 AD2d 272 [1st Dept 1997]; Sirohi v Lee, 222 AD2d 222 [1st Dept 1995]; see also, Dorfman Org. v Greater N.Y. Mut. Ins. Co., 279 AD2d 437 [1st Dept 2001]; Sheth v New York Life Ins. Co., supra; Reich v Mitrani Plasterers Co., 268 AD2d 256 [1st Dept 2000]; see generally, 60A NY Jur 2d, Fraud and Deceit § 34.) Moreover, irrespective of whether the rate was the “lowest available” or not, or whether comparable businesses received higher or lower rates, Sutton was not constrained to enter into additional subscription agreements if it believed the proposed fee schedule offered by LexisNexis was unfair, excessive or exorbitant.
The court notes further that Sutton’s own complaint suggests that no injury was sustained by virtue of LexisNexis’ conduct since, according to Sutton, the allegedly excessive rates charged were simply passed on to their customers (amended complaint 49).
Plaintiff’s cause of action sounding in fraud must be dismissed.
C. Breach of Contract/Implied Covenant of Good Faith
The third cause of action consists of four, conclusory paragraphs which incorporate the preceding factual averments and then allege without particularity that the “actions of Lexis * * * constitute a material breach of the implied covenant of good faith and fair dealing” (amended complaint 53).
*34 Although a duty of good faith and fair dealing is implicit in every contract (1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630 [2d Dept 2002]; see also, 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra at 153; Dalton v Educational Testing Serv., 87 NY2d 384, 389-390 [1995]), the duty cannot be used to create independent obligations beyond those agreed upon and stated in the express language of the contract. (PT Kaltim Prima Coal v AES Barbers Point, Inc., 180 F Supp 2d 475, 483 [SD NY 2001]; Granite Partners, L.P. v Bear, Stearns & Co. Inc., 17 F Supp 2d 275, 306 [SD NY 1998].)
Here, the complaint alleges that LexisNexis fraudulently induced Sutton to pay exorbitant subscription rates, but fails to identify any specific contractual provision actually breached by Lexis. (See, Stabulas v Brooks Piece Dye Works Corp., Ill AD2d 803, 804 [2d Dept 1985]; see also, Murrin v Ford Motor Co., 303 AD2d 475 [2d Dept 2003].) Accordingly, the third cause of action is duplicative of and merely recasts Sutton’s unavailing fraud theory as a purportedly independent “implied duty” claim. (See, Parker E. 67th Assoc. v Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y., 301 AD2d 453 [1st Dept 2003].) Thus, this theory of recovery cannot survive.
. D. Declaratory Judgment
The fourth cause of action for declaratory relief incorporates by reference all the preceding allegations of wrongdoing and then asserts — without explanatory and/or particularized supporting averments — that the subscription agreements are “unconscionable and unenforceable” (amended complaint 57-58).
Since the court has previously reviewed the foundational allegations supporting this cause of action and determined that no sustainable claims have been stated based thereon, the claim for declaratory relief must similarly fail. In any event, and in the commercial setting presented — where the “doctrine of unconscionability has little applicability” (Gillman v Chase Manhattan Bank, 135 AD2d 488, 491 [1987], affd 73 NY2d 1 [1988]; Lister Elec, v Incorporated Vil. of Cedarhurst, 108 AD2d 731, 734 [2d Dept 1985]) — the inconclusive factual statements set forth in the amended complaint are insufficient to sustain a cause of action for the stated declaratory relief sought.
E. Defendants’ Remaining Contentions
In light of the court’s determination, it is unnecessary to reach defendants’ remaining dismissal theories, including the allegation that codefendant Haggerty was never properly served.
*35 F. Leave To Replead
Sutton’s submissions fail to establish its entitlement to an order permitting it to replead its claims as requested in plaintiffs brief (at 2 n 2; CPLR 3211 [e]; see, e.g., Lesesne v Lesesne, 292 AD2d 507, 509 [2d Dept 2002]; Cuglietto v Ferone, 269 AD2d 556 [2d Dept 2000]; Shafran v New York City Employees’ Retirement Sys., 234 AD2d 444, 446 [2d Dept 1996]). In the absence of demonstrable merit to plaintiffs claim, leave to replead should not be granted. (Montefiore v Soja, 292 AD2d 241, 242 [1st Dept 2002]; Hornstein v Wolf, 67 NY2d 721 [1986].)
Accordingly, it is ordered that the defendants’ motion to dismiss the amended complaint is granted pursuant to CPLR 3211 (a) (7) and the amended verified complaint is hereby dismissed, and it is further ordered that defendants’ motion for consolidation of the within action with LexisNexis’ related action pending before this court and for dismissal on other grounds is denied as academic; and it is further ordered that plaintiffs application for leave to replead is denied.