# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1371
CA 11-01067
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

UTILITY SERVICES CONTRACTING, INC.,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                MEMORANDUM AND ORDER

MONROE COUNTY WATER AUTHORITY,
DEFENDANT-APPELLANT-RESPONDENT.
(APPEAL NO. 1.)

---

HARTER SECREST & EMERY LLP, ROCHESTER (F. PAUL GREENE OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

MURA & STORM, PLLC, BUFFALO (ERIC T. BORON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court,
Monroe County (Kenneth R. Fisher, J.), entered August 4, 2010 in a
breach of contract action. The order denied in part the motion of
defendant for summary judgment and denied plaintiff's cross motion for
summary judgment.

It is hereby ORDERED that said appeal from the order insofar as
it denied that part of defendant's motion for summary judgment
dismissing the first cause of action to the extent that it sought
consequential damages is unanimously dismissed and the order is
modified on the law by granting those parts of defendant's motion for
summary judgment dismissing the first cause of action except to the
extent that it sought consequential damages and for summary judgment
on the counterclaim in the amount of $108,000 plus prejudgment
interest and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages
resulting from defendant's alleged breach of a contract for a water
main installation project. By the order in appeal No. 1, Supreme
Court granted those parts of defendant's motion for summary judgment
dismissing the second through fourth causes of action, denied those
parts of defendant's motion for summary judgment dismissing the first
cause of action, for breach of the implied covenant of good faith and
fair dealing, and for summary judgment on the counterclaim, for
liquidated damages and attorneys' fees, and denied plaintiff's cross
motion for summary judgment on the amended complaint. We note that,
although the court did not address that part of the motion for summary
judgment on the issue of consequential damages, the failure to rule on
that part of the motion is deemed a denial thereof (*see Brown v U.S.*

*Vanadium Corp.*, 198 AD2d 863, 864). In appeal No. 2, defendant moved for leave to reargue only that part of its motion for summary judgment determining that plaintiff was contractually precluded from seeking consequential damages. The court granted the motion for leave to reargue and, upon reargument, the court noted that only that part of its prior order concerning the first cause of action was at issue, and it concluded that defendant was not entitled to summary judgment on the issue of consequential damages. We note at the outset that defendant's appeal from the order in appeal No. 1 must be dismissed with respect to the issue of consequential damages inasmuch as it was superseded by the order in appeal No. 2 (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985).

We agree with defendant in each appeal that the first cause of action, for breach of the implied covenant of good faith and fair dealing, must be dismissed. We therefore modify the order in each appeal accordingly. We conclude that the first and second causes of action are duplicative inasmuch as they both allege that defendant breached the contract in question by interfering with subcontractors and refusing to grant appropriate extensions, thus preventing plaintiff from completing the contract in a timely manner (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320; *Hassett v New York Cent. Mut. Fire Ins. Co.*, 302 AD2d 886; *see generally Bass v Sevits*, 78 AD2d 926, 927). We note that the allegations underlying the first cause of action occurred prior to a written amendment to the contract whereby defendant granted plaintiff an extension. With respect to defendant's interference and failure to grant an additional extension following that amendment, as alleged in the second cause of action, defendant met its initial burden on the motion and plaintiff failed to submit evidence sufficient to raise a triable issue of fact whether an additional extension was requested in writing as required by the contract (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Further, the parties' prior conduct in requesting and granting an extension to the contractual time limit in writing belie the contention of plaintiff that the contract's requirements with respect thereto were waived (*see Phoenix Corp. v U.W. Marx, Inc.*, 64 AD3d 967, 969-970; *Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster*, 40 AD3d 1289, 1291-1292). In light of our conclusion that defendant is entitled to summary judgment dismissing the amended complaint in its entirety, the issue whether plaintiff is entitled to consequential damages is moot.

Contrary to plaintiff's contention on its cross appeal in appeal No. 1, the court properly granted those parts of defendant's motion for summary judgment dismissing the third cause of action, for promissory estoppel, and the fourth cause of action, for unjust enrichment. We further conclude that plaintiff failed to establish that facts essential to justify opposition to the motion were in the exclusive possession of defendant (*see Santangelo v Fluor Constructors Intl.*, 266 AD2d 893).

We also agree with defendant in appeal No. 1 that the court erred in denying that part of its motion for summary judgment on the

counterclaim. There is no triable issue of fact with respect to defendant's entitlement to liquidated damages calculated from the original contractual completion date of August 1, 2002, inasmuch as the contractual amendment expressly reserved defendant's right to those damages. Further, although defendant entered into a release agreement pursuant to which plaintiff's surety would assess only $75,000 in liquidated damages against the performance bond issued by it, defendant expressly reserved its right to seek the remainder of liquidated damages from plaintiff. We therefore further modify the order in appeal No. 1 by granting that part of defendant's motion for summary judgment on the counterclaim in the amount of $108,000 plus prejudgment interest, constituting the remainder of liquidated damages owed following the surety's payment of $75,000 (*see generally* CPLR 5001 [a]). The remaining contentions of defendant in appeal No. 1 are moot.

Finally, we note that plaintiff abandoned any challenge to the order in appeal No. 2 inasmuch as it failed to raise any contentions with respect to the only part of the order by which plaintiff is aggrieved (*see* CPLR 5511), i.e., that part denying its request for costs and attorneys' fees associated with the motion (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

Entered:  December 30, 2011                     Frances E. Cafarell
                                                Clerk of the Court