# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

587

CA 12-02172

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

DIPIZIO CONSTRUCTION COMPANY, INC.,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

NIAGARA FRONTIER TRANSPORTATION AUTHORITY,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (DAVID H. ELIBOL OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered October 11, 2012. The order granted the motion
of defendant for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant entered into a contract with plaintiff for
the construction and renovation of certain runways and taxiways at the
Buffalo Niagara International Airport. Following completion of the
project, plaintiff commenced this action seeking damages for, inter
alia, breach of contract based upon allegations that defendant's
conduct caused delays in the work and defendant refused to grant
extensions of time to complete the work. Supreme Court granted
defendant's motion for partial summary judgment seeking dismissal of
all but the 3rd and 15th causes of action, and a portion of the fourth
cause of action. The ninth cause of action was previously dismissed.
We affirm.

Contrary to plaintiff's contention, defendant established that
plaintiff failed to comply with the notice and reporting requirements
contained in the contract. Thus, we conclude that the court properly
granted those parts of defendant's motion with respect to the first,
second, fifth, sixth, and seventh causes of action, as well as the
10th and 14th causes of action. Clauses of a contract that "require
the contractor to promptly notice and document its claims made under
the provisions of the contract governing the substantive rights and
liabilities of the parties . . . are . . . conditions precedent to
suit or recovery" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92

NY2d 20, 30-31, *rearg denied* 92 NY2d 920).  Here, the contract required that claims for extra costs due to delays "shall be in sufficient detail to enable the Engineer to ascertain the basis and amount of said claims" and that "[a]ny claim . . . for equitable adjustment on account of delay for any cause must be accompanied by a revised progress schedule reflecting the effects of the delay and proposals to minimize those effects."  The contract further provided that "[f]ailure to submit such information and details will be sufficient cause for denying the Contractor's claims."  We conclude that defendant established that plaintiff failed to comply with those notice and reporting requirements, and plaintiff did not raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Contrary to plaintiff's further contention, the "assertion that [it was] extremely difficult to calculate the extra . . . costs does not justify [plaintiff's] failure to comply with the notice and reporting requirements of the contract" (*Rifenburg Constr., Inc. v State of New York*, 90 AD3d 1498, 1499).

Plaintiff further contends that the court erred in granting defendant's motion insofar as it sought summary judgment dismissing that part of the fourth cause of action seeking damages caused by defendant's alleged refusal to allow plaintiff to use half-inch thick steel plates as a temporary measure for covering holes on the airport runways and taxiways.  We reject that contention.  Defendant established that the contract did not allow plaintiff to use unsafe materials and that three separate engineering firms, including one employed by plaintiff, determined that half-inch thick steel plates could not support the weight of the aircraft that used the airport, and plaintiff failed to raise an issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

We also reject plaintiff's contention that the court erred in granting that part of defendant's motion with respect to the eighth cause of action, for breach of the duty of good faith and fair dealing, inasmuch as that cause of action was duplicative of the breach of contract causes of action (*see Utility Servs. Contr., Inc. v Monroe County Water Auth.*, 90 AD3d 1661, 1662, *lv denied* 19 NY3d 803; *Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 426, *lv denied* 15 NY3d 704).  Likewise, the court properly granted those parts of defendant's motion with respect to the 11th cause of action, for quantum meruit, and the 12th cause of action, for unjust enrichment, as duplicative of the breach of contract causes of action (*see Leo J. Roth Corp. v Trademark Dev. Co., Inc.*, 90 AD3d 1579, 1581).  Contrary to plaintiff's further contention, the court properly granted that part of defendant's motion with respect to the 13th cause of action, for promissory estoppel, because "the representations made by defendant[] d[id] not constitute a clear and unambiguous promise to plaintiff" (*Chemical Bank v City of Jamestown*, 122 AD2d 530, 531, *lv denied* 68 NY2d 608; *see New York City Health & Hosps. Corp. v St. Barnabas Hosp.*, 10 AD3d 489, 491).  In light of our determination, we do not address plaintiff's remaining contentions.

Entered:  June 14, 2013                      Frances E. Cafarell
                                             Clerk of the Court