Lippes v Toddy (2024 NY Slip Op 00576)

Lippes v Toddy

2024 NY Slip Op 00576

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1044 CA 22-00546

[*1]RICHARD J. LIPPES, ESQ., PLAINTIFF-RESPONDENT,
v
JOSEPH M. TODDY, INDIVIDUALLY, AND AS A MEMBER OF ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, TODDY, P.C., AND ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, TODDY, P.C., DEFENDANTS-APPELLANTS. 

ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER, TODDY, P.C., PHILADELPHIA, PENNSYLVANIA (JOSEPH M. TODDY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), dated March 11, 2022. The order denied the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion insofar as it sought to dismiss plaintiff's claim for punitive damages and dismissing that claim and as modified the order is affirmed without costs.
Memorandum: In this action for the alleged breach of a fee-sharing agreement, defendants appeal from an order denying their motion pursuant to CPLR 3211 (a) (8) to dismiss plaintiff's complaint for lack of personal jurisdiction or, in the alternative, to dismiss the claim for punitive damages.
Plaintiff, an attorney licensed and practicing in New York, was contacted by a former member of defendant Zarwin, Baum, DeVito, Kaplan, Schaer, Toddy, P.C., which is located in Philadelphia, Pennsylvania, and asked to appear as co-counsel in an environmental litigation suit in Pennsylvania. Prior to trial, the underlying lawsuit settled. According to the complaint, defendants failed to distribute the settlement award pursuant to an oral fee-sharing agreement. As noted, defendants filed a motion to dismiss, which Supreme Court denied.
We reject defendants' contention that the court erred in denying their motion insofar as it sought to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 302 (a) (1). CPLR 302 (a) (1) provides, in relevant part, that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." Jurisdiction can attach on the basis of one transaction, even if the defendant never enters the state, " 'so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (Fischbarg v Doucet, 9 NY3d 375, 380 [2007], quoting Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006], cert denied 549 US 1095 [2006]). "Purposeful" activities are those by which a defendant, "through volitional acts, 'avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws' " (id.; see Cellino & Barnes, P.C. v Martin, Lister & Alvarez, PLLC, 117 AD3d 1459, 1461 [4th Dept 2014], lv dismissed 24 NY3d 928 [2014]).
In this case, defendants initiated contact with plaintiff for the purpose of forming an ongoing business relationship, i.e., that of
co-counsel in the underlying lawsuit (see State of New York v Vayu, Inc., 39 NY3d 330, 335 [*2][2023]). Contrary to defendants' contention, Fischbarg is controlling despite the difference in the nature of the relationship between the parties here (i.e., co-counsel versus attorney/client), inasmuch as the focus was not on the type of relationship but rather on the "defendants' purposeful attempt to establish an attorney-client relationship [in New York] and their direct participation in that relationship via calls, faxes and e-mails that they projected into this state over many months" (9 NY3d at 380). Here, as in Fischbarg, defendants "engage[d] in a sustained and substantial transaction of business" by "project[ing] themselves into New York . . . to solicit plaintiff's legal services, [whereby] they necessarily contemplated establishing a continuing . . . relationship with him" (id. at 385). We conclude that, because defendants "established such a relationship and repeatedly project[ed] themselves into New York . . . to advance their legal position in the [Pennsylvania] action through communications with plaintiff . . . , defendants purposefully availed themselves of the benefits and protections of New York's laws" (id.).
We agree with defendants, however, that the court erred in denying their motion insofar as it sought dismissal of plaintiff's claim for punitive damages. We therefore modify the order accordingly. On appeal, plaintiff correctly concedes that punitive damages are not recoverable for his breach of contract cause of action (see Bisimwa v St. John Fisher Coll., 194 AD3d 1467, 1473 [4th Dept 2021]), but contends that punitive damages may be recovered in conjunction with his cause of action for unjust enrichment. Here, plaintiff's cause of action for unjust enrichment is directly related to defendants' alleged failure to fulfill their obligations under the oral contract. Thus, plaintiff's cause of action for unjust enrichment may not be considered an independent tort for purposes of a punitive damages claim (see generally C-Kitchen Assoc., Inc. v Travelers Ins. Co., 11 AD3d 961, 961 [4th Dept 2004]; Hassett v New York Central Mut. Fire Ins. Co., 302 AD2d 886, 887 [4th Dept 2003]; Paull v First UNUM Life Ins. Co., 295 AD2d 982, 984-985 [4th Dept 2002]). Further, inasmuch as plaintiff failed "to allege conduct that was directed to the general public or that evinced the requisite high degree of moral turpitude or wanton dishonesty" (Englert v Schaffer, 61 AD3d 1362, 1363 [4th Dept 2009] [internal quotation marks omitted]; see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]), that part of the motion seeking dismissal of the punitive damages claim should have been granted.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court